■ WILLIAM E. FARRELL et al., Appellants, v. STEPHEN F. KLAPACH, JR., Respondent.— In a negligence action: (1) by plaintiffs William E. Farrell, Emma Belmont and Stanley W. Piekarski to recover damages for personal injury; (2) by said plaintiff Farrell for injury to property; and (3) by plaintiff Herbert Belmont for loss of services, etc., sustained when the defendant's automobile struck the rear of the plaintiff Farrell's automobile, in which the plaintiffs Emma Belmont and Stanley W. Piekarski were passengers, the plaintiffs appeal from so much of a judgment of the Supreme Court, Nassau County, entered May 13, 1964 after trial upon a jury's verdict, as awarded nominal damages of 6 cents to each of them. Judgment, insofar as it awards nominal damages to plaintiffs Farrell and Piekarski on their respective causes of action for personal injury, affirmed, without costs. Judgment, insofar as it awards nominal damages to plaintiffs Emma Belmont and Herbert F. Belmont on their respective causes of action, reversed on the law and the facts, and new trial granted, with costs to said plaintiffs to abide the event; and their action is severed. In our opinion, the award of nominal damages to the plaintiffs Farrell and Piekarski was warranted by the evidence. We are also of the opinion that the court's dismissal of Farrell's cause of action for property damage in the course of trial was proper by reason of his failure to present proof of the reasonable value of the repairs to his automobile (*Gumb* v. *Twenty-Third St. Ry. Co.*, 114 N. Y. 411, 414; *Parilli* v. *Brooklyn City R. R.*, 236 App. Div. 577, 578). It is our opinion, however, that the verdict as to the plaintiffs Belmont was against the weight of the evidence. Proof of the accident was uncontradicted. The force of the impact can be inferred from defendant's admission that he was traveling 40 to 45 miles per hour, at a distance of 30 to 35 feet behind plaintiff Farrell's car, which had been stopped in a line of traffic. Corroborative proof of Mrs. Belmont's injuries and treatments was furnished by plaintiff's orthopedic surgeon, whose qualifications were not questioned. The medical evidence was uncontradicted. Although defendant's medical expert had examined plaintiff in 1960, defendant did not see fit to call him as a witness. While plaintiff admitted inability to accurately state the days she was out sick because of the accident, except for a leave of absence from July 17, 1959 to September 1, 1959, her employment records adduced by defendant support her claims. In view of the foregoing, it is obvious that in awarding the Belmont plaintiffs nominal damages, the jury did not base its verdict on a fair interpretation of the evidence (*Schmeltz* v. *Morehouse*, 20 A D 2d 610; *Jensen* v. *Casale*, 22 A D 2d 994). Beldock, P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.