HENRY J. MEYER et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 58406.) WILLIAM R. STOCKTON, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 58436.)—Appeal from two judgments of the Court of Claims, entered March 3, 1975, in favor of claimants Henry Meyer and William Stockton, in negligence actions against the State of New York. Both claims herein arose out of an accident which occurred at the heavily trafficked intersection of Routes 9 and 119 in Westchester County on October 19, 1973. Prior to the mishap, which occurred at approximately 7:30 A.M. in daylight and under good weather conditions, claimant Stockton was traveling in a westerly direction on Route 119 and claimant Meyer was traveling in a southerly direction on Route 9. As their respective vehicles simultaneously entered the intersection, they were each faced with a green light, and Stockton testified that, after the resultant collision, all four sides of the traffic signal remained green for four or five minutes. Following a trial, the Court of Claims found that the State had prior notice of a potentially hazardous condition existing at the intersection and that it was negligent either in its failure to replace the traffic signal or, in the alternative, to install a conflict monitor, a device which would serve to prevent all sides of the light being green at the same time. It further found that the

State's negligence was the proximate cause of the accident and, accordingly, awarded Meyer $6,000 for personal injuries, medical services, loss of wages and pain and suffering, and Stockton $2,393.50 for property damage. On this appeal, the State does not contest the fact that the traffic signal was malfunctioning at the time of the accident, but rather argues: (1) that the court erred in finding against the State because there was no proof that the State had either actual or constructive notice of the condition which caused the accident, and, further, there was no proof that the condition was caused by the State; (2) that the decision concerning the appropriate light control to use at the intersection was a matter of administrative discretion, and, therefore, the State cannot be held liable for alleged damages resulting from the failure to use another type of light control, i.e., a conflict monitor; and (3) that claimant Stockton failed to adequately prove his damages so as to justify the award in his favor. Considering initially the question of liability, we find that the court's determination must be sustained. In the months preceding the accident, the Department of Transportation received numerous "malfunction reports" regarding the traffic signal in question, and one of the complaints, on May 10, 1973, was that the light was "stuck on red", a situation similar in nature to the light being stuck on green. Despite these repeated warnings and an overhaul of the traffic signal in August of 1973, nothing was ever determined as to the cause of the signal being "stuck on red" and, consequently, no corrective action was taken. In our opinion, these circumstances served to put the State on notice that a potentially hazardous condition existed at the intersection. Moreover, although we would not presume to state that the installation of a conflict monitor or any other specific remedy was mandated by the situation, we do hold that some corrective measure was necessary in recognition of the fact that there was a defect in the traffic signal of undetermined origin which, uncorrected, could very well result in tragedy. Such being the case, the State's failure to act considered in light of its duty to maintain its traffic-control devices (Vehicle and Traffic Law, § 1681) requires an affirmance of the court's resolution of this issue. With regard to the award of property damages to claimant Stockton, however, we reach a contrary result. An itemized bill is prima facie evidence of the reasonable value of services and repairs only for an amount not in excess of $1,000 (CPLR 4533-a). In this instance, Stockton sought to recover a greater amount, but failed to present the additional evidence necessary to support an itemized statement of the repairs made to his automobile. Accordingly, the judgment in his favor for property damage must be reversed (cf. *Farrell v Klapach,* 24 AD2d 590). Judgment in favor of claimant Henry J. Meyer affirmed, with costs. Judgment in favor of claimant William R. Stockton reversed, on the law and the facts, and claim dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.