OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by vacating the amount awarded in favor of plaintiff against defendant and plaintiff’s cause of action is remitted to the court below for a new trial solely on the issue of damages; and as so modified, affirmed, without costs.
In this small claims matter, substantial justice was not done between the parties (CCA, § 1807).
Plaintiff pro se brought this small claims action for property damage to her automobile. Her introduction into evidence of an estimate was insufficient to establish the amount of damages. An estimate is no more than a guess as to the cost of repairs and, as such, damages cannot be awarded on the basis of such conjecture or guesswork (Robert T. Donaldson, Inc. v Aggregate Surface Corp. of Amer., 47 AD2d 852, opp dsmd 37 NY2d 793; Schneider v State of New York, 38 AD2d 628). Plaintiff may prove the amount of damages by introduction into evidence of competent expert testimony or by proper proof that the necessary repairs have been made and paid for.
Moreover, under the facts herein, the dismissal of the third-party complaint was proper.
We incidentally note that should a party in a small claims action elect to establish the reasonable cost of necessary repairs by appropriate documentary evidence, it is our view that compliance with CPLR 4533-a is not mandated in the absence of such a requirement by the Small Claims Part of the court in which the action is brought. The Small Claims Part is given wide latitude and discretion in the conduct of proceedings and should require such quantum of proof consistent with its statutory purposes (see comment 5 Weinstein-Korn-Miller, NY Civ Prac, par 4533-a.01, citing CCA, § 1804; see, also, Levins v Bucholtz, 208 Misc 597, affd 2 AD2d 351; Buonomo v Stalker, 40 AD2d 733, and general discussion of the role and function of small claims courts, B. Graham and J. Snortum, Small Claims Court, 60 Judicature 260, No. 6, Jan., 1977).
Concur: Pino, P. J., Rinaldi and Buschmann, JJ.