OPINION OF THE COURT
Morton M.Z. Lynn, J.
This is the rarest of negligence cases — a rear-end case in which the driver of the front car admits backing up and hitting the rear car.
More than that, by so backing, the defendant’s driver admits that he was going the wrong way on a one-way street.
While the defendant implies that the court should apportion the negligence, the court is at a loss to see what plaintiff reasonably could have been expected to do under the circumstances. It appears that the accident occurred solely and wholly because the defendant’s driver was violating subdivision (a) of section 1211 and subdivision (a) of section 1127 of the Vehicle and Traffic Law. Accordingly, the defendant must pay for whatever damages the plaintiff incurred.
The vehicle has not been repaired. To prove his damages, *1024 plaintiff offered an estimate from MAACO Auto Painting and Body Works that the repairs would cost $573.62. The defendant offered hearsay testimony that MAACO had agreed with defendant’s representative that the figure should be reduced to $472.36. Plaintiff objected to this testimony.
Of course, if the defendant’s testimony is objectionable as hearsay, so is the plaintiffs testimony consisting of the estimate. The court accepts both the plaintiffs testimony and the defendant’s.
In this connection it should be noted that the plaintiffs testimony does not meet with the requirements of CPLR 4533-a. That statute, originally enacted in 1966, relaxed the requirements of proving property damages in a civil action and spared the claimants the expense of producing expert witnesses in comparatively minor cases. But this relaxation does not go far enough and in the further exercise of its wisdom, the Legislature provided that in small claims cases: "The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, pleading or evidence”. (UCCA, § 1804.)
Were it not for a comparatively recent case of Tobia v Loiacono (93 Misc 2d 689) there would be no problem. In that case, however, an Appellate Term, Second Department, reversed a small claim award to a plaintiff because CPLR 4533-a had not been complied with.
This court accords great respect to the Appellate Term, but it is not bound to follow its ruling and must decline to do so. Obviously that court was not experienced with small claim procedures, the respondent-claimant was not represented on the appeal, and the learned Appellate Term probably did not have its attention called to section 1804 of the UCCA.
"The institution of the small claims court was established in order to provide a simple, prompt and informal means for the inexpensive adjudication of causes of action small in amount. A summary procedure, less costly and protracted than ordinary practice, is generally employed to 'grind the tremendous grist cheaply and with dispatch’ within the confines of a friendly forum.” (38 Albany L Rev 196.)
To require small claimants to follow CPLR 4533-a, would eradicate many of the social benefits that have been produced over the years by the small claims act.
*1025 To follow Tobia, it would require small claimants to have their cars repaired and paid for before starting the action. Many small claimants do not have the money to do so and must first collect judgments to get their cars fixed. If the small claimant did not have the car fixed before the trial, he would be put to the expense of bringing in an expert witness. Often times in a small claims case, the cost of an expert would exceed the amount of the claim. To require this would in effect deny the claimant his day in court.
Small claims are usually tried and disposed on the return date. To comply with CPLR 4533-a would require at least one adjournment and bring the parties back to court after a loss of another day’s wages.
Perhaps there are other reasons, but these amply illustrate why the Legislature has provided in section 1804 of the UCCA that where there is a conflict between CPLR and the UCCA, "the provisions of this article shall control.”
At least one higher court, too, has noted that the rules of evidence must be relaxed in small claims procedures. In Buonomo v Stalker (40 AD2d 733) the court said: "This statute was designed to facilitate the handling of minor claims and grievances without requiring the parties to resort to the use of counsel. To effectuate the purpose of the law, the trial court must be given wide latitude and discretion in the conduct of the proceedings.”
Since I am convinced beyond any doubt that the court in its decision in Tobia v Loiacono fell into error, I must act by my conscience and convictions in declining to follow that case and refuse to consider it an authority.
Judgment for the plaintiff in the sum of $472.36.