OPINION OF THE COURT
Edward H. Lehner, J.
In this action plaintiff seeks, pursuant to section 234 of the Real Property Law, to recover $500 for attorneys’ fees incurred in defending two summary proceedings instituted by defendant to evict plaintiff because she was allegedly harboring a dog and maintaining a dishwasher in her apartment in violation of her lease. The first proceeding (Gonzalez v CNLD Corp., Civ Ct of City of NY, Bronx County, 1980, No. L & T 92641) was dismissed without prejudice on October 29, 1980 apparently because the landlord failed to produce a certain lease. The second proceeding (Gonzalez v CNLD Corp., Civ Ct of City of NY, Bronx County, 1980, No. L & T 107022) was dismissed on January 5, 1981 with prejudice, the court sustaining the tenant’s defense of retaliatory eviction.
At the trial of this action plaintiff introduced a bill marked “paid” from her attorney in the total amount of $500, which showed that the attorney charged $250 for handling each of the two summary proceedings. In his *550 memorandum of law, the defendant’s attorney argues that the bill should not have been received in evidence, claiming that although article 18 of the New York City Civil Court Act permits the court to receive a paid bill from a mechanic in property damage claims, such reception “does not extend to a claim for professional services”.
The threshold determination to be made on this issue requires that the basis for the receipt of any paid bill in the Small Claims Part be established. CPLR 4533-a sets forth certain procedures for the introduction of paid bills which thereupon will be “prima facie evidence of the reasonable value and necessity of such services or repairs itemized therein”. The rule goes on to provide that notice of the intention to introduce such a bill must be given at least 10 days prior to trial and that the bill must be verified in a specified manner.
Reported cases surprisingly reveal a conflict on the applicability of the rule to the Small Claims Part. In Tobia v Loiacono (93 Misc 2d 689) the Appellate Term for the Ninth and Tenth Districts held the verification and notice provisions to be applicable and reversed because a bill was received in evidence without compliance. In Murphy v Lichtenberg-Robbins Buick (102 Misc 2d 358, 359), the Appellate Term for the Second and Eleventh Districts stated, in dicta, that compliance is not required because of the “wide latitude and discretion in the conduct of proceedings” granted the Small Claims Court:
This court feels that it would be most impractical to require compliance with CPLR 4533-a as it would result in many cases requiring adjournments so that notice could be given and verification obtained. This would be inconsistent with the purpose of the court which is to provide prompt hearings and simplified procedures without requiring compliance with the statutory rules of evidence. (CCA, § 1804.) Thus this court finds that the notice and verification requirements need not be complied with, but the rule shall be a guideline as to the type of evidence that should be received and the effect thereof.
Prior to 1968, the rule only permitted the introduction of bills relating to repairs to automobiles. In 1968, the rule *551 was amended to relate to “services or repairs or both in connection with tortious damages to person or property.” In 1970, a further amendment was made to provide <as the rule reads today) that it may be used in “any civil action” (CPLR 4533-a).
Hence, defendant’s argument that the rule is not applicable to prove the “necessity and reasonable value” of attorney’s fees incurred comes a decade too late. The 1970 amendment clearly applies to such bills.
It is further interesting to note that the changes in the dollar limitations of CPLR 4533-a (increased from $300 to $500 in 1970 and to $1,000 in 1975) closely parallel that of the jurisdiction of the Small Claims Part, which was increased from $300 to $500 in 1971 and to $1,000 in 1975. The increase in such jurisdiction to $1,500 effective in March, 1981 has not yet been paralleled by an increase in the limitation of CPLR 4533-a with the result that now for the first time the jurisdiction of the Small Claims Part is in excess óf the dollar limitation set forth in CPLR 4533-a. It is hoped that such limitation will be increased during the 1981 session of the-Legislature. Without such an increase, this court would hav^ difficulty determining whether the current CPLR 4533-a limitation of $1,000 applies to bills introduced in the Small Claims Part. It would seem paradoxical to permit bills in excess of $1,000 to be received in such part, but exclude them (even with verfication and notice) in the regular part of the court.
Defendant also argues that section 234 of the Real Property Law implied covenant of a landlord to pay the attorney’s fee to a tenant who is successful in defending a summary proceeding is not applicable here as there is no provision in the lease between the parties for the landlord to collect such fees from a tenant in the event of a default. The pertinent provisions of the lease are sections 16D(1) and (3), which provide as follows: “16-D If this Lease is cancelled or Landlord takes back the Apartment, the following takes place: (1) Rent and added rent for the unexpired Term becomes due and payable. Tenant must also pay Landlord’s expenses as stated in Paragraph 16.D. (3) Any rent received by Landlord for the re-renting shall be *552 used to pay Landlord’s expenses and second to pay any amounts Tenant owes under this Lease. Landlord’s expenses include the costs of getting possession and re-renting the Apartment, including, but not only reasonable legal fees”.
Since the expenses the tenant is obligated to pay under clause (1) include the landlord’s “reasonable legal fees” of “getting possession”, the court finds that therefore the implied covenant of the landlord to pay the successful tenant’s fees may be invoked by the tenant.
Lastly, defendant argues that since the plaintiff interposed counterclaims for the recovery of legal fees in both of the aforesaid summary proceedings, she cannot assert the claim for such fees by this separate action.
Section 234 permits tenant’s claim for attorney’s fees to be recovered “in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding”. An examination of the files does not indicate that the Housing Court Judge who dismissed the two summary proceedings made any determination with respect to the counterclaims. Hence, the court finds that since there has been no prior determination on the merits with respect to the claim alleged herein, plaintiff could properly institute this action.
In view of the above, the court finds that plaintiff incurred $500 of expenses in defending the summary proceedings, that such legal expenses were reasonable and neccessarily incurred and therefore, by virtue of said section 234 of the Real Property Law, may have judgment against defendant for $500.