■ MARILYN A. PICARAZZI et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 63337.) — Appeal from a judgment of the Court of Claims (Murray, J.), entered September 14, 1982, which dismissed the claims. On May 2, 1978, claimant Marilyn Picarazzi was operating her husband's automobile in a southerly direction on New York State Route 140. She was negotiating a left-hand turn where Route 140 intersects with Kenwood Avenue in the Town of Bethlehem when she was struck on the passenger side by a truck proceeding north on Route 140 and being operated by Gregory Shultz. Mrs. Picarazzi suffered severe personal injuries and was confined to the hospital for some 23 days. Claims were timely filed by Mrs. Picarazzi for the injuries she sustained and by her husband, claimant Louis Picarazzi, for loss of services, medical expenses and damages to his car which was totally demolished. It is claimants' contention that the accident was due to the malfunctioning of the traffic signal device located at the intersection. Claimant driver testified that as she approached the intersection, she observed a green left arrow on the traffic light and slowed down to turn but that she did not remember the collision. The driver of the truck testified that, as he approached the intersection, the light for him was green; that he saw the southbound car swing in front of him; and that he applied his brakes, his car skidded and the collision occurred. Both sides produced expert witnesses to explain the operation of the traffic light and specifically how the light's conflict monitor operated. The conflict monitor is a device which prevents conflicting green signals from being displayed on a traffic light, as claimants maintain occurred here, causing the accident. The expert for claimants testified that in a certain type of conflict monitor, where a circuit card is inserted, dust or moisture could enter through the slot for the card and cause the conflict monitor to operate improperly. He further testified that, other than the slot to accept the card, there would be no place for dust to enter the mechanism. The expert for the State testified that the conflict monitor in the light involved here was not the model that was operated by cards. While there was proof that the light had previously malfunctioned, the State's expert testified that there had been no previous report of conflicting green signals or any other malfunctions which would indicate a problem with the conflict monitor. He further testified that if the traffic light had given conflicting green signals, the light would have started to give a blinking signal in one and one-half seconds and would so continue until manually reset. There was also proof that after the accident the light was not blinking. Claimants on this appeal rely on this court's decision in *Meyer v State of New York* (51 AD2d

828) as a basis for finding negligence on the part of the State. In *Meyer,* however, the State had prior warning of a problem with the traffic light in question, which problem was similar to the malfunction which caused the accident resulting in the claims therein. Even though on notice, the State took no corrective action and was found liable. In the present case, there had been no similar problem and, in fact, the evidence indicated that there had been no problem with the conflict monitor in the past. Consequently, *Meyer* is clearly distinguishable from the present case. We also reject claimants' contention that the doctrine of *res ipsa loquitur* is applicable herein as no reliance was placed on said doctrine at trial, and it cannot be raised for the first time on appeal (*Meyers v Grand Union Co.,* 30 AD2d 704). In dismissing the claims, the trial court found that there was no negligence on the part of Department of Transportation personnel in installing or maintaining the traffic signal device in question, and that the facts did not justify a holding that the traffic signal device should have been replaced prior to May 2, 1978. Upon our review of the record, we conclude that the findings and conclusions of the trial court are not against the weight of the credible evidence or contrary to law and, therefore, we should not disturb them (*La Voie v State of New York,* 91 AD2d 749, 750). Accordingly, the judgment must be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.