■ DEBORAH DELLO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 63668.) — Appeal from a judgment of the Court of Claims (Murray, J.), entered February 3, 1984, which dismissed the claim.

The Vandenberg Learning Center is an elementary school located on the campus of the State University of New York at New Paltz in Ulster County. It is under the ownership and control of the State of New York. Those students at SUNY New Paltz who are in the college's teacher education program use the Vandenberg Learning Center for their student teaching experience. The building in which the Vandenberg Learning Center is located has more than one entrance; one of them leads to a concrete path that connects the center with Mohawk Avenue,* a nearby thoroughfare. That concrete path traverses an area used by the elementary school children as a playground. There is immediately adjacent to the path a hill that is used by the children in their play. The playground area is enclosed by metal fencing which is equipped with gates that are closed while the children are playing there. This playground is utilized by the schoolchildren even during the winter.

On February 7 and 8, 1979, approximately four to five inches of snow fell on New Paltz. At approximately 8:00 A.M. on

---

* This street is referred to in the record both as "Mohawk Avenue" and as "Mohonk Avenue".

February 9, claimant, then a 22-year-old senior at SUNY New Paltz, was driven to the Vandenberg Learning Center by her roommate. Both were student teaching there. After parking the car on Mohawk Avenue, the two used the path leading to the learning center. This was the most direct route from Mohawk Avenue to the learning center. The path was, at that time, covered with snow that had fallen on the previous two days; it had not been cleared, salted or sanded. Claimant remained inside the learning center performing her student teaching duties until approximately 3:00 P.M., at which time she proceeded to leave the building. The path still had not been salted, sanded or otherwise attended to. There was no warning given of this fact, and the exit leading to the path was not barred to prevent egress to the path. Claimant left the learning center through a glass-panel door, through which she could see the condition of the path. After leaving the building, claimant, wearing rubber-soled oxford-type shoes, proceeded down the path and fell and injured herself. She was, at the place of her accident, within the playground area.

The decision not to salt, sand or otherwise attend to the path had been made by William H. McGahan, grounds supervisor of SUNY New Paltz. Although there was ample opportunity to do so, McGahan decided not to clear the path in question. This was in accordance with his custom and practice not to remove snow from that particular path. All snow removal operations on the campus had been completed one day prior to claimant's accident, according to McGahan's work log. McGahan's decision was not based on the fact that his crew was engaged in another activity of a higher priority, but solely on his own judgment. McGahan knew that the fenced-in area through which the path passed and in which claimant fell was used as a playground by the children attending the learning center.

After a trial on the issue of liability, the Court of Claims dismissed the claim. In reaching its decision, the court noted that McGahan's choice not to attend to the path was a judgment decision that "should not be second-guessed by this Court". The court concluded that the decision not to clear the path was reasonable and not negligent in light of the fact that the path traversed an area used as a playground. This appeal ensued.

The case of *Williams v City of New York* (214 NY 259) instructs us that a municipality will be held liable where the snow or ice creates an interference with travel that is: "(1) Dangerous, (2) Unusual or exceptional; that is to say different in character from conditions ordinarily and generally brought about by the winter weather prevalent in the given locality" (*id.*, at pp 263-264).

In this regard, "the mere presence of snow or ice" is not enough to show that a municipality is negligent (*id.,* at p 267). However, the Court of Appeals qualified this statement by adding that a municipality may be held liable if it "should negligently suffer snow and ice to remain and accumulate in a particular place, until it became of a permanent nature, and a dangerous obstruction to pedestrians" (*id.,* quoting *Brennan v City of New York,* 130 App Div 267, 268, affd 197 NY 544; see, also, *De Coufle v Frederick Benedict, Inc.,* 93 AD2d 805, 806). Claimant contends that *Williams* controls and that the State should be held liable for its failure to salt, sand or otherwise attend to the path on which claimant fell. This case, however, is not a case of an inadvertent failure to clear or maintain an ice-covered sidewalk, as it was in *Williams.* Rather, this was a decision on the part of McGahan not to clear a path known by him to pass through a children's playground area that was utilized as a playground even during the winter months. Accordingly, the State's duty extended not only to persons using the path as a means of ingress to and egress from the Vandenberg Learning Center, but also to the children who used the playground around the path. This duty owed by the State required only that it exercise reasonable care under *all* the circumstances to prevent injury to those on the premises (*Basso v Miller,* 40 NY2d 233). As the Court of Claims pointed out: "There is no doubt that shoveling or plowing the snow would cause mounds which might create a dangerous condition for the children using the playground. In that event the defendant would be liable for injuries suffered by the children if the mounds created an attractive nuisance or a hazardous condition."

Moreover, it can reasonably be presumed that persons inside the learning center who perceived the condition of the playground would choose an alternate exit to the street through one of the building's other exits (see *Weigand v United Traction Co.,* 221 NY 39). Here, claimant was apprised of the condition of the path traversing the playground by virtue of the fact that she had traveled it earlier in the day and was able to perceive it through a glass-panel door upon her departure from the learning center.

In sum, the condition of the path was clearly visible to claimant, she was aware of its condition, and clearing or otherwise treating the path may have created an uneven and dangerous condition for children using the playground area (see *Scaduto v State of New York,* 56 NY2d 762, affg on opn below 86 AD2d 682). What safety precautions, if any, should have been taken by the State here and whether it acted reasonably was a question of fact (*Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520, n 8; see,

also, *Williams v City of New York, supra*). The finding of the Court of Claims is not against the weight of the evidence and should, therefore, not be disturbed (see *Picarazzi v State of New York,* 95 AD2d 958, 959).

Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.