OPINION OF THE COURT
Larry J. Rosen, J.
Plaintiff, an experienced trial attorney, brings this small claim against defendant sounding in negligence. On or about September 1, 1986, on the S.U.N.Y. campus in Albany, New York, a 1986 Toyota vehicle owned by defendant’s father and driven by defendant collided with a 1982 Honda vehicle owned and operated by plaintiff. Plaintiff alleges that the accident was the sole result of defendant’s negligence and brings this action to recover alleged damages in the amount of $361.92. In support of plaintiff’s claim for damages, he has introduced one estimate from "New York Auto Radiator & Body Company” showing an estimated cost of $361.92 to effectuate repairs on his vehicle. The plaintiff further submitted a photograph of *541 the vehicle showing the alleged damage to the rear quarter panel of his vehicle. Defendant did not dispute that the damage depicted in the photograph accurately represented the damage done pursuant to the accident.
The court is squarely presented with the question of whether or not, pursuant to UCCA 1804, a plaintiff has made a prima facie case on the issue of damages when one estimate and the aforementioned supporting evidence have been adduced at trial.
In relevant part, UCCA 1804 states: "The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading, or evidence * * * An itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs, are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services and repairs. ” (Emphasis added.) The portion underlined was added by an amendment in 1984. This court has reviewed the available legislative history to determine the legislative intent regarding the amendment. It appears clear that primarily the Legislature intended to permit small claimants to dispense with the strict requirements of CPLR 4533-a when introducing a paid bill to establish damages at trial. Prior to the 1984 amendment, the appellate courts were divided on the question of whether strict compliance with CPLR 4533-a was required in a small claim setting. (See, Tobia v Loiacono, 93 Misc 2d 689; Murphy v Lichtenberg-Robbins Buick, 102 Misc 2d 358.) Furthermore, prior to the 1984 amendment, it was widely considered that the estimates alone were insufficient and even inadmissible in establishing damage even when strict compliance with CPLR 4533-a was not required. The 1984 amendment clarifies the situation. Pursuant to the amendment, a claimant may place estimates in evidence and may place a receipted or paid bill or invoice into evidence without resorting to the tedium of CPLR 4533-a. It is further clear that a prima facie case of reasonable damages can be proven by two estimates and/or one paid invoice or receipt. Does this mean, however, that one estimate is ipso facto insufficient? This court does not believe so. In Judge Lynn’s learned and outstanding pre-1984 decision in Lanni v Clark Disposal (100 Misc 2d 1023, 1024) he quotes as follows: " 'The institution of the small claims court was established in order to provide a simple, prompt and informal *542 means for the inexpensive adjudication of causes of action small in amount. A summary procedure, less costly and protracted than ordinary practice, is generally employed to "grind the tremendous grist cheaply and with dispatch” within the confines of a friendly forum.’ (38 Albany L Rev 196.)”
In the instant case, the court has before it an estimate, the completely credible testimony of claimant and a photograph of the damage. Furthermore, defendant did not introduce any evidence suggesting that the estimate was untrustworthy or exaggerated nor did defendant introduce any evidence tending to indicate that the accident did not take place or that the damage was not caused solely by the accident in question. In such circumstances, the court holds that a prima facie case has been made pursuant to UCCA 1804 and a motion to dismiss on that basis must be denied.
Our analysis is not quite complete. This is a case of comparative negligence. The court has heard testimony from both parties as to their respective versions of the accident. The court finds as a matter of fact that the defendant was 75% responsible for the accident and the plaintiff was 25% responsible. Plaintiff has proven damages of $361.92 and is therefore entitled to judgment in the amount of $271.44, together with $4.90 costs, totaling $276.34. The court hereby stays entry of the judgment in the interest of justice until February 16, 1987. If this judgment has not been satisfied by such date, then the plaintiff may enter judgment and have execution in accordance with this decision.