■ IRWIN P. UNDERWEISER, Appellant-Respondent, v JEROME GANS et al., Respondents-Appellants. (And a Third-Party Action.)—In an action to recover damages for damages to the plaintiff's automobile, the plaintiff appeals and the defendants cross-appeal, as limited by their respective briefs, from stated portions of a judgment of the Supreme Court, Westchester County (Silberman, J.H.O.), entered February 1, 1988, which *inter alia,* is in favor of the plaintiff and against the defendants Jerome and Jamie Gans, in the principal sum of $1,563.

Ordered that the judgment is modified, on the law and the facts, without costs or disbursements, by deleting the first decretal paragraph thereof and substituting therefor a provision awarding damages to the plaintiff in the principal sum of $51.48; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment.

The weight of the evidence supports the conclusion of the Judicial Hearing Officer that the defendants Jerome and Jamie Gans are liable for the damage to the plaintiff's automobile. The weight of the evidence also supports the conclusion that the plaintiff incurred an expense in the sum of $51.48 in having his automobile towed away from the scene of the accident.

However, we find that the plaintiff failed to meet his burden of proof with respect to his remaining damage claims. The vehicle in question was a 1972 Cadillac which had been driven approximately 111,000 miles. Under these circumstances, we believe that the Judicial Hearing Officer properly concluded that it was incumbent upon the plaintiff to demonstrate that the cost of repairing the vehicle, as reflected in certain estimates, did not exceed either the diminution in the market value of the vehicle caused by the accident, or the market value of the automobile in its preaccident condition *(see, Gass v Agate Ice Cream,* 264 NY 141; *see also, Wachsman v Hethering,* 31 AD2d 522; *Farrell v Klapach,* 24 AD2d 590; *Johnson v Scholz,* 276 App Div 163, 164; *Parilli v Brooklyn City R. R.,* 236 App Div 577). We find that the Judicial Hearing Officer was fully justified in drawing the inference, based on the evidence concerning the age and preexisting condition of the plaintiff's vehicle, that the alleged cost of repairing the vehicle was not reasonable.

Although the Judicial Hearing Officer properly declined to base any award of damages on the plaintiff's estimated cost of repair, we find that he improperly awarded damages in the principal sum of $972.50 based solely upon proof that the defendants' insurer had offered to pay that sum in settlement of the plaintiff's claim. This offer of compromise was not reliable evidence of the value of the claim *(see, Cook v State of New York,* 105 Misc 2d 1040).

We also find that the plaintiff failed to meet his burden of proving the amount of damages attributable to his loss of use of the vehicle. Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.