■ MARTIN SCHWARTZ, Appellant, v STEPHEN CROZIER, Respondent.—Yesawich, Jr., J. Appeals (1) from that part of an order of the County Court of Schenectady County (Harrigan, J.), entered May 4, 1989, which denied plaintiff's motion for summary judgment on the issue of damages, and (2) from an order of said court, entered May 4, 1989, which awarded plaintiff nominal damages.

In 1983 defendant, while operating a 1971 Datsun 240 Z

automobile he had borrowed from plaintiff's son, was involved in an accident. Plaintiff paid $1,623.98 to repair the vehicle and this suit for reimbursement was commenced. Liability having been conceded, the matter was eventually set down for a hearing to determine whether the repair costs were fair and reasonable. After the hearing, which was held before County Court without a jury, the court found that plaintiff had failed to sustain his burden of proving the reasonableness of the repair bill and accordingly awarded nominal damages of an undisclosed amount. Plaintiff appeals.

Initially, we find that summary judgment on the issue of damages was properly denied by County Court. Turning to the question of the amount of damages, generally damage to personal property is measured by the difference between the market value of the property immediately before and immediately after the harm was inflicted *(Gass v Agate Ice Cream,* 264 NY 141, 143). And when the property damaged is an automobile, damages may also be established by showing the reasonable cost of the repairs *(see, e.g.,* CPLR 4533-a), so long as that cost is less than the diminution in market value resulting from the injury and the repairs do not exceed the value of the automobile as it was prior to the injury *(Gass v Agate Ice Cream, supra,* at 143).

Plaintiff offered the testimony of two witnesses to substantiate his claim that the costs were reasonable and did not exceed the value of the 12-year-old car before the accident. A local autobody repairman reviewed a photocopy of the repair estimate—repairs had apparently been made to the vehicle by a body shop in Connecticut—and testified that the bill was fair and reasonable for a 1971 Datsun 240 Z generally. The second witness, a local Nissan car dealer, quoted the high and low values of 1971 Datsun 240 Zs from the 1983 National Automobile Dealers Association appraisal guide. Under cross-examination, this witness acknowledged that factors such as high mileage and poor body condition would place the value of an automobile below the quoted low value. Importantly, neither witness had ever seen the vehicle, nor was there testimony from anyone who had.

While the hearing testimony established in the abstract that the repair costs were reasonable, there was no proof that $1,623.98 was a fair amount to pay to repair plaintiff's vehicle. Accordingly, as plaintiff failed to sustain his burden of proving the amount of his damages, the award of only nominal damages was appropriate (36 NY Jur 2d, Damages, § 5, at 17). However, since County Court failed to set forth the amount of

nominal damages, its order in this regard should be modified accordingly.

Order denying plaintiff's motion for summary judgment on the issue of damages affirmed, without costs.

Order awarding plaintiff nominal damages modified, on the law, without costs, to set forth the specific sum of one dollar, and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.