OPINION OF THE COURT
Ferne Goldstein, J.
In this subrogation action for property damage to plaintiff subrogor’s 1989 Toyota, plaintiff seeks money damages in the *478 sum of $3,491.52. Defendants did not reply to plaintiffs combined notice of discovery and inspection and written interrogatories contained in an order of Hon. John L. Phillips, Jr., dated October 21, 1993, which directed them to do so. By order of Judge Phillips dated February 7, 1994, plaintiffs motion to strike defendants’ answer and set down the matter for an inquest was granted.
The matter came on for inquest before this court on May 4, 1994. Plaintiff was represented by David B. Horowitz Legal Services, P. C., 521 Fifth Avenue, New York, New York 10175, and defendant was represented by the Corporation Counsel of the City of New York. Defendants’ only objection to the granting of the inquest is the amount of $3,491,52. Defendants contended, citing CPLR 4533-a, that the inquest could only be granted in the amount of $2,000. An itemized bill or invoice, receipted or marked paid, is admissible in any civil action, for services or repair in any amount up to $2,000.
Plaintiff contends it can seek the full amount of its damages in an inquest.
The Uniform Rules for Trial Courts (22 NYCRR) provide that plaintiff shall be permitted to submit an affidavit as proof of damages at an inquest in any action.
Uniform Rules for Trial Courts (22 NYCRR) § 208.32 states that affidavits setting forth the amount of damages may be submitted in any action where it is necessary to take an inquest before the court, as follows:
"208.32 Damages, inquest after default; proof, (a) In an inquest to ascertain damages upon a default pursuant to CPLR 3215, if the defaulting party fails to appear in person or by representative, the party entitled to judgment, whether a plaintiff, third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim, shall be permitted to submit, in addition to the proof required by CPLR 3215(e) [now CPLR 3215 (f)], properly executed affidavits as proof of damages.
"(b) In any action where it is necessary to take an inquest before the court, the party seeking damages may submit the proof required by oral testimony of witnesses in open court or by written statements of the witnesses, in narrative or question-and-answer form, signed and sworn to.”
In the case at bar, defendants’ willful failure to comply with court-ordered discovery constitutes default in this action on the part of the defendants which resulted in the striking of *479 defendants’ answer and setting down this matter for an inquest. Under CPLR 3215 (e) (now 3215 [f]) and 22 NYCRR 208.32, plaintiff has the right to submit proof of damages by affidavit at the inquest in this action.
The defendants’ argument that plaintiff’s affidavit on damages is inadmissible under CPLR 4533-a, on the ground that the affidavit sets forth damages in excess of $2,000, is misapplied herein. The $2,000 limitation in CPLR 4533-a only applies to an itemized bill or invoice which a party seeks to admit in evidence in that CPLR 4533-a creates a self-proving method of authentication for itemized bills and invoices that do not exceed $2,000. However, the rule does not preclude the submission of evidence of damages otherwise admissible under common-law and statutory rules.
In the case at bar, damages are proved by automobile damage appraiser, John Adragna. Mr Adragna inspects and appraises damage to motor vehicles on a daily basis and he has testified in court, as an expert appraiser of automobile damages. He personally inspected the damages to Riva Posner’s 1989 Toyota and prepared a detailed, itemized appraisal of the parts and labor necessary to repair her Toyota which damage occurred as a result of the September 25, 1991 motor vehicle accident. Clearly, John Adragna is competent to testify to the fair and reasonable value to repair the damages to the vehicle. His affidavit further established a proper foundation for the admissibility of his appraisal report as a record prepared in the regular course of business, an exception to the hearsay rule.
The said witness’ affidavit and appraisal report are competent, admissible proof of damages. Proof in affidavit form in lieu of courtroom testimony is permitted pursuant to CPLR 3215 (e) (now 3215 [f]) and 22 NYCRR 208.32, where the defendant has been held in default. No limitation is imposed on the amount of damages contained in this otherwise admissible affidavit. The $2,000 limit for a self-authenticating bill or invoice under CPLR 4533-a is inapplicable to plaintiff’s proof of damages in the case at bar.
Accordingly, this court finds that the affidavit of plaintiff’s appraiser is admissible on the issue of damages in the inquest of this action.