OPINION OF THE COURT
Jack M. Battaglia, J.
*480 In an action in the Small Claims Part for damage to a motor vehicle, a single estimate of repair cost may be admissible and sufficient to establish prima facie the necessity and reasonable cost of repair, if the estimate was prepared by the liability insurance carrier for the defending party.
Darrin Miller and Jaime H. Sanchez are suing each other for damage to their respective motor vehicles as a result of a collision on February 24, 2004 at the intersection of Northern Boulevard and 47th Street in Queens. Mr. Miller was traveling northbound on Northern Boulevard in his 1996 Nissan Pathfinder. Mr. Sanchez’s 1993 Ford Explorer was proceeding westbound on 47th Street, driven by Mr. Sanchez’s nephew, Vladimir Barba, who was accompanied by a friend, Stephanie Bermeo. At the trial on September 28, 2004, Mr. Miller, Mr. Sanchez, Mr. Barba, and Ms. Bermeo all testified.
Mr. Miller said that he was traveling at approximately 15 to 20 miles per hour, facing a steady green light as he approached 47th Street. The intersection of Northern Boulevard and 47th Street forms a “T,” with traffic from 47th Street entering from the right. Mr. Miller testified further that, as he proceeded through the intersection, the vehicle driven by Mr. Barba, which he had not seen before, entered the intersection against a red light facing 47th Street. The front and rear doors and rear quarter panel on the passenger side of Mr. Miller’s vehicle were the parts most seriously damaged.
Mr. Barba and Ms. Bermeo both testified that prior to the collision they were stopped in Mr. Sanchez’s vehicle facing a red light at 47th Street, and that when the light turned green Mr. Barba proceeded into the intersection, intending to turn right onto Northern Boulevard. Each testified further to not having seen Mr. Miller’s vehicle prior to the collision. Mr. Sanchez’s vehicle sustained damage to the front, driver’s side, including the bumper, headlamp assembly, and fender.
Having considered all of the evidence, including the testimony of the witnesses, and the nature and extent of the damage to the respective vehicles, the court concludes that it is more likely that the collision occurred as a result of the sole negligence of Mr. Miller.
Mr. Sanchez testified that his vehicle had not been repaired, but had been “junked.” In support of the amount of his damages, Mr. Sanchez presented a Kelley Blue Book Suggested Retail Value Report for a 1993 Ford Explorer Sport Utility and a Kelley Blue Book Private Party Value Report for the same ve *481 hiele, showing, respectively, prices of $5,055 and $3,300. He also presented a repair estimate on the letterhead of Allstate Insurance Company, Mr. Miller’s insurer, with a total of $1,542.42.
During the trial, it was revealed that, on behalf of Mr. Miller, Allstate had offered to settle Mr. Sanchez’s claim against him for $801.21, and had delivered a check in that amount to Mr. Sanchez that he had not presented for payment. When, at the request of counsel provided to Mr. Miller by Allstate, Mr. Sanchez rejected that offer on the record, the check was delivered to the court, again at counsel’s request. On reflection, the court considers it inappropriate to have accepted the check from Mr. Sanchez, and is returning it to him. Suffice it to say that Allstate’s offer to settle Mr. Sanchez’s claim is not admissible evidence as to Mr. Miller’s liability nor as to the value of the claim. (See Underweiser v Gans, 153 AD2d 848, 849 [2d Dept 1989].)
“ ‘[Generally damage to personal property is measured by the difference between the market value of the property immediately before and immediately after the harm was inflicted . . . And when the property damaged is an automobile, damages may also be established by showing the reasonable cost of repairs (see, e.g., CPLR 4533-a), so long as that cost is less than the diminution in market value resulting from the injury and the repairs do not exceed the value of the automobile as it was prior to the injury.’ (Schwartz v Crozier, 169 AD2d 1003, 1004 [3d Dept 1991].) ‘[T]he plaintiff need only present evidence as to one measure of damages, and that measure will be used when neither party presents evidence going to the other measure.’ (Jenkins v Etlinger, 55 NY2d 35, 39 [1982].) In other words, defendant has the burden of proving that the lesser amount will adequately compensate the plaintiff. (1 NY PJI3d 1120, citing Jenkins v Etlinger, supra.)” (Tanmar Serv. Corp. v Yuen, 187 Misc 2d 763, 765 [Civ Ct, Kings County 2001].)
In order for the court to accept either of the Kelley Blue Book reports as prima facie evidence of the diminution in value of Mr. Sanchez’s vehicle as a result of the collision, the court would require admissible and sufficient evidence that the vehicle had no market value after the collision. Mr. Sanchez’s testimony that the vehicle was junked, unsupported by any expert testimony that the vehicle could not be repaired, is not suf *482 ficient, particularly in light of the evidence provided by the Allstate estimate that repair could be made at a cost of less than one half of the lower of the two Kelley Blue Book prices.
But is the Allstate estimate admissible for that purpose, or for the purpose of establishing the necessity and reasonable cost of repairs to Mr. Sanchez’s vehicle; and if it is admissible for the latter purpose, is it sufficient? Since, of necessity, Mr. Sanchez must rely on the Allstate estimate to show the necessity and reasonable cost of repair, because he has no other evidence to do so, the estimate is before the court to the extent that it undermines his claim as well. The key question, then, is the admissibility and sufficiency of the Allstate estimate to establish prima facie the necessity and reasonable cost of repair.
Generally, “[a]n estimate is no more than a guess as to the cost of repairs and, as such, damages cannot be awarded on the basis of such conjecture or guesswork.” (Murphy v LichtenbergRobbins Buick, 102 Misc 2d 358, 359 [App Term, 2d Dept 1978]; see also Meyer v State of New York, 51 AD2d 828, 829 [3d Dept 1976]; Zaccaro v Jenik Motor Serv., 148 Misc 2d 664, 665 [App Term, 2d Dept 1990]; Glazer v Quittman, 84 Misc 2d 561, 561 [Scarsdale Just Ct, Westchester County 1975].)
But this is an action in the Small Claims Part, and “Small claims matters are subject to informal procedures which are designed to facilitate the handling of minor claims and grievances without resort to the use of counsel . . . Thus, the Small Claims Court has wider latitude in the conduct of the proceedings before it.” (Roundtree v Singh, 143 AD2d 995, 996 [2d Dept 1988].) Indeed, the governing statute states that in small claims matters the court “shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence.” (CCA 1804.)
Specifically addressing proof of damages based on repair costs, the statute continues: “An itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs, are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services and repairs.” (Id. [emphasis added].) If two estimates “are” admissible, does that mean that one is not? And if two “are” prima facie evidence, does that mean that one is not? One court, relying on the purpose of the Small Claims Part, has answered these questions, seen as one, in the negative. (See DerOhannesian v Bergman, 134 Misc 2d 540, 541-542 [Albany City Ct 1987].) That court concluded that a single repair estimate, supported by the *483 claimant’s testimony and a photograph showing the damage, was sufficient. (See id.)
In light of the conflicting authority cited above, this court is not prepared to go that far. The court does conclude, however, that a single repair estimate is admissible to prove damages when admissibility can be based on other common-law or statutory rules (see Travelers Indent. Co. v City of New York, 161 Misc 2d 477, 479 [Civ Ct, Kings County 1994] [concerning CPLR 4533-a]), and that, in this case, admissibility is supported by case law concerning the admissibility of an opposing party’s expert reports and by the exception to the hearsay rule for party admissions. The court notes that the authenticity of the estimate is not in question.
The Second Department indicated in Mahoney v Jackson’s Mar., Inc. (305 AD2d 555 [2d Dept 2003]) that an opposing party’s expert reports are admissible against that party. The meaning and scope of that decision is not clear in that the decision is not fully explanatory on its face and the only other decisions of similar import were made in somewhat particular circumstances. (See A.B. Med. Servs. PLLC v Travelers Prop. Cas. Corp., 5 Misc 3d 214 [Civ Ct, Kings County 2004].)
Even under more traditional evidentiary analysis, however, the unity of interest between Mr. Miller and Allstate, and Allstate’s authority to act on Mr. Miller’s behalf to resolve Mr. Sanchez’s claim, are sufficient to render Allstate’s estimate admissible against Mr. Miller. (See Prince, Richardson on Evidence § 8-231, at 543 [Farrell 11th ed]; Letendre v Hartford Acc. & Indent. Co., 21 NY2d 518 [1968]; DiCamillo v City of New York, 245 AD2d 332, 333 [2d Dept 1997].) Since “[a]n extrajudicial admission of fault by a defendant driver always constitutes evidence in chief, despite the fact that the real party in interest is almost always an insurance company” (Letendre v Hartford Acc. & Indent. Co., 21 NY2d at 523), the converse must follow. Moreover, “the New York rule permits the introduction of an admission in the form of an opinion.” (Fassett v Fassett, 101 AD2d 604, 605 [3d Dept 1984]; see also McAnarney v Newark Fire Ins. Co., 247 NY 176, 186 [1928]; A-Leet Leasing Assoc, v Fiero & Mandaro Collision Works, 138 Misc 2d 664, 669 [Sup Ct, Nassau County 1988].)
If, however, the admissibility of the estimate, and ultimately its probative value, depends upon its character as an admission, then, because it was delivered to Mr. Sanchez during the course of Allstate’s attempt to settle his claim against Mr. Miller, it *484 must also hurdle CPLR 4547. The statute reads in pertinent part:
“Evidence of . . . furnishing, or offering or promising to furnish . . . any valuable consideration in compromising or attempting to compromise a claim which is disputed as to either validity or amount of damages, shall be inadmissible as proof of liability for . . . the claim or the amount of damages. Evidence of any conduct or statement made during compromise negotiations shall also be inadmissible. The provisions of this section shall not require the exclusion of any evidence, which is otherwise discoverable, solely because such evidence was presented during the course of compromise negotiations.” (CPLR 4547.)
CPLR 4547 codifies the long-established common-law rule in New York that “the settlement of a disputed claim or an offer to settle ... is inadmissible to prove . . . the liability of the alleged wrongdoer.” (Andresen v Kirschner, 190 Misc 2d 779, 781 [Sup Ct, NY County 2001], revd on other grounds 297 AD2d 235 [1st Dept 2002], quoting Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4547, 2001-2002 Interim Pocket Part, at 105; Smith v Satterlee, 130 NY 677 [1891]; Charles Hyman, Inc. v Olsen Indus., Inc., 227 AD2d 270, 276-277 [1st Dept 1996].)
Before CPLR 4547 was passed in 1998, “[t]he traditional rule in New York was that unqualified statements of fact made during settlement negotiations were admissible against the party who made the statements.” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4547, 2004 Pocket Part, at 141; see also Reid & Priest L.L.P. v Realty Asset Group, Ltd., 250 AD2d 380, 380 [1st Dept 1998]; Bellino v Bellino Constr. Co., 75 AD2d 630, 630-631 [2d Dept 1980].) It is not clear whether the Allstate estimate would have been admissible under this rule, and it may have depended on whether it was “prepared and exchanged for purposes of settlement.” (See CIGNA Corp. v Lincoln Natl. Corp., 6 AD3d 298, 299 [1st Dept 2004]; see also Miller v State of New York, 91 Misc 2d 1028, 1031 [Ct Cl 1977], affd 84 AD2d 964 [4th Dept 1981]; Cook v State of New York, 105 Mise 2d 1040, 1043 [Ct Cl 1980]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4547, 2004 Pocket Part, at 142 [“Only documents or statements that are initially generated for the purpose of the negotiations are protected against admissibility”].)
*485 But the statute also provides for an exception to exclusion for “any evidence, which is otherwise discoverable,” unless the evidence would be excludable for a reason other than that it “was presented during the course of the compromise negotiations.” (See CPLR 4547.) The intended scope of the exception is not clear. Addressing the identical language in rule 408 of the Federal Rules of Evidence, commentators have suggested that “[t]he apparent purpose of this unfortunate language was to make clear that a party cannot shield preexisting documents or other evidence from discovery or use at trial by disclosing it during settlement negotiations.” (Mueller and Kirkpatrick, Evidence: Practice Under the Rules § 4.25, at 273 [2d ed 1999].) There was no evidence at trial on when, or the purpose for which, the estimate was prepared.
Read more broadly, the exception to exclusion would render admissible any evidence that is discoverable. A “liability insurer’s claim file ... is conditionally immune from discovery as material prepared for litigation.” (Sofio v Hughes, 148 AD2d 439, 440 [2d Dept 1989]; see also Recant v Harwood, 222 AD2d 372, 373-374 [1st Dept 1995]; Williams v Metropolitan Transp. Auth., 99 AD2d 530, 531 [2d Dept 1984].) Here, however, where the estimate was presumably generated as a result of Mr. Sanchez’s having presented his damaged vehicle to Allstate for inspection, “in the interest of fairness” the report would have been discoverable if Allstate had not voluntarily delivered it to Mr. Sanchez. (See Neves v Port Auth. of N.Y. & N.J., 265 AD2d 393, 394 [2d Dept 1999].)
Since the estimate would not be excluded from admission under one reasonable interpretation of the statute, at least in the Small Claims Part with its relaxed evidentiary requirements, the document should be admitted, unless to do so would significantly undermine an important public policy. The rule precluding admission of settlement offers and other conduct or statements made during settlement discussions is based upon public policy to encourage settlements. (See Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4547, 2004 Pocket Part, at 141.) Since an insurance company’s own estimate of repair costs would be expected to be on the conservative side, and since the company would not likely present it to the claimant if it did not support an offer at an amount the company was willing to pay, and since the estimate would likely be the result of a requested inspection, and therefore discoverable, the court can see no real danger that its admission into ev *486 idence in a Small Claims Part action would inhibit the company’s willingness or ability to settle the claim. It seems highly unlikely that the thousands of property damage settlements that insurance companies negotiate in automobile collision cases would be at all inhibited if their own estimates are admitted at trial to establish the amount of damages.
Admissibility, however, even as a party admission, does not necessarily mean sufficient as a prima facie showing on the matter at issue. The factfinder must assess the admission’s “probative weight and value, which may range from the lowest, or none at all, to conclusiveness,” depending upon the “conditions and circumstances” under which it was made. (Gangi v Fradus, 227 NY 452, 457 [1920]; see also Ando v Woodberry, 8 NY2d 165, 171 [1960]; Knutson v Sand, 282 AD2d 42, 46 [2d Dept 2001].) Here, the Allstate estimate is highly itemized as to parts and labor, with the latter specified in tenth-of-an-hour segments. That detail, and the estimate’s use to convince a claimant to accept an amount in settlement that Allstate is willing to pay, suggests sufficient weight and value to constitute a prima facie showing on the reasonable cost of repair of Mr. Sanchez’s vehicle. (See Tarantino v Albert, 160 AD2d 310, 314 [1st Dept 1990].)
Mr. Miller offered no evidence to the contrary or that the amount specified, $1,542.42, exceeds either the diminution in market value of Mr. Sanchez’s vehicle resulting from the collision or its precollision value. Since “[e]vidence as to cost of repair[s] is but an alternative method of proving depreciation in value” (Johnson v Scholz, 276 App Div 163, 166 [2d Dept 1949] [Nolan, J., concurring]), it is immaterial that Mr. Sanchez will not be repairing the vehicle. But, because he will not, the amounts included in the estimate for sales taxes, a total of $130.48, are not recoverable.
Judgment is awarded to Mr. Sanchez on Mr. Miller’s claim, dismissing the claim.