OPINION OF THE COURT
Katherine A. Levine, J.
This case raises the novel issue of whether a plaintiff may recover as damages the remainder due on an auto finance loan from a defendant who concedes liability in a motor vehicle accident.
*835 Plaintiffs Dudley Price and Deniece Christie (plaintiffs) seek $7,173.88 in damages to their vehicle, and other “incidental expenses,” as a result of a motor vehicle accident which occurred between them and defendant Robert Luhrs (Luhrs or defendant) on or about June 18, 2008. At trial, defendant admitted to liability and proved that plaintiffs had received full payment for the property damage to their vehicle through their automobile insurance company — Hartford Insurance Co. — and that Hartford was fully subrogated by defendant’s insurance company— Allstate. Specifically, by check dated December 31, 2008, Allstate paid “Hartford, as subrogee of Dudley Price,” the amount of $10,512.55, which was cashed a week later. The check was for “Property Damage Liability” to cover all property damage and loss of use (rental car reimbursement in the amount of $300).
Plaintiffs thereupon narrowed their claim to a number of ancillary items which they claim they purportedly incurred as a result of the accident, including $54 for gas they purchased two days before the accident; $9.20 for a disposable camera they purchased on June 19th to take pictures of the accident and $8.23 for the pictures; $88.15 for car rental fees from June 18 through June 25; and the bulk of their claim — $3,237.96—for payments they made on an auto finance agreement with the Municipal Credit Unit (MCU) in June and July 2008.
The concept of proximate cause “has proven to be an elusive one, incapable of being precisely defined to cover all situations.” (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-315 [1980]; see Pagan v Goldberger, 51 AD2d 508, 509 [2d Dept 1976]; Prosser, Torts § 42 at 249 [4th ed].) The concept stems from policy considerations “that serve to place manageable limits upon the liability that flows from negligent conduct.” (Derdiarian, 51 NY2d at 314; Ventricelli v Kinney Sys. Rent A Car, 45 NY2d 950 [1978].) To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant’s negligence was a substantial cause of the events which produced the injury (Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 520 [1980]; Restatement [Second] of Torts § 431).
The law limits damages to those that are the “natural, probable, and direct consequences of the wrongful act.” (Kreindler, Rodriguez, Beekman & Cook, New York Law of Torts § 21.8 at 292-293 [16 West’s NY Prac Series 1997]; Diaz v Little Remedies Co., Inc., 81 AD3d 1419 [4th Dept 2011].) Where property is damaged, the plaintiff is entitled to recover under either the “diminished value rule” — the difference between the market *836 value of the property immediately before and after the harm was done — or the “cost rule,” which gives the plaintiff the cost of repair or replacement. (3 Dobbs, Hayden & Bublick, Torts § 481 at 20-22 [2d ed 2011]; see Miller v Sanchez, 6 Misc 3d 479 [Civ Ct, Kings County 2004].) The plaintiff may also recover for resulting consequential losses because the property cannot be used during repair or replacement, such as lost profits. (Dobbs, supra § 481 at 22; see Tri-G, Inc. v Burke, Bosselman & Weaver, 222 111 2d 218, 856 NE2d 389 [2006].)
Applying these rules to damages resulting from automobile accidents, the plaintiff must demonstrate that the cost of repairing the vehicle, as reflected in certain estimates, did not exceed either the diminution in the market value of the vehicle caused by the accident, or the market value of the automobile in its preaccident condition. (Underweiser v Gans, 153 AD2d 848, 849 [2d Dept 1989]; see Dobbs, op. cit. § 481 at 20; Miller v Sanchez, 6 Misc 3d at 481.) In other words, the plaintiff is entitled to the cost of repair “so long as that cost is less than the diminution in market value resulting from the injury and the repairs do not exceed the value of the automobile as it was prior to the injury.” (Schwartz v Crozier, 169 AD2d 1003, 1004 [3d Dept 1991].)
Since there is no dispute that plaintiffs were already compensated for the market value of their vehicle, the only issue remaining is whether they may recover for any of the ancillary costs listed above. As the subrogation check to plaintiffs’ insurance carrier included $300 for the cost of the rental car, the court disallows the claim of $88.15 for the rental car. The court permits recovery for the camera costs and half the cost of the gas as plaintiffs failed to present evidence as to how much, if any, of the gas was utilized prior to the accident.
The court also declines to award plaintiffs for the payments they made on their MCU car loan after the accident. Plaintiffs inartfully argued that their obligation to pay the remainder of their auto loan was a consequential damage of the accident since they were now obligated to pay for a vehicle that they could no longer use. However, the auto loan cannot be considered a consequential damage since plaintiffs’ obligation to pay off the car loan was not a “natural, probable, and direct consequence[ ] of the wrongful act” but rather an independent obligation that arose before the accident and existed beyond the time of the accident, regardless of the shape of or very existence of the car after the accident. (Cf. Grand Metro Tr. Mix Corp. v Michigan Mut. Ins. Co., 170 Misc 2d 872, 874-875 [Sup Ct, Nassau County 1996].)
*837 In light of the above, plaintiffs are awarded the sum of $44.43 plus interest and costs.