Serra Izmirligil, Appellant, 
against
Bob's Discount Furniture, LLC, CORY FIRST CHOICE HOME DELIVERY, INC., 5 STARS TRUCKING, INC. and IVAN TARRA, Respondents.



Appeal from a judgment of the District Court of Suffolk County, Sixth District (David A. Morris, J.), entered January 16, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action to recover the sum of $4,850, defendants conceded liability for the motor vehicle accident in which plaintiff's vehicle had been damaged. The amount sought to be recovered represented the difference between the sum of $5,646.81, which had been paid to plaintiff by the insurance company of one of the defendants, and the total amount allegedly spent by plaintiff to repair her vehicle and to rent a car for two months. 
At a nonjury trial, plaintiff testified that Bill Danick, an employee of defendant Cory First Choice Home Delivery, Inc., had agreed to pay her for all the expenses she would be incurring, even if beyond the full market value of her car. Danick testified that no such agreement had been made. While he acknowledged having had a conversation with plaintiff, informing her that she would be paid by an insurance company, he denied ever promising plaintiff that she would be paid beyond the insurance coverage. Defendant presented evidence establishing that plaintiff had, in fact, been paid by the insurance company the full market value of her car, plus rental costs through the date of settlement. After trial, the District Court found that Danick's testimony was more credible than plaintiff's and dismissed the action, finding that plaintiff had been properly compensated for the full market value of her car (see Babbitt v Maraia, 157 AD2d 691 [1990]; Underweiser v Gans, 153 AD2d 848 [1989]; Johnson v Scholz, 276 App Div 163, 164 [1949]).
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
We find no basis to disturb the District Court's credibility determination, which is [*2]supported by the record, and conclude that the judgment provided the parties with substantial justice (see UDCA 1804, 1807). Accordingly, the judgment is affirmed.
Garguilo, J.P., Iannacci and Brands, JJ., concur.
Decision Date: June 15, 2016