■ FRANK R. PIETROCOLA, Respondent, v RICHARD J. BATTIBULLI, Appellant. [656 NYS2d 559].—Crew III, J. Appeal from an order of the Supreme Court (Caruso, J.), entered February 2, 1996 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

This action arises out of an automobile accident that occurred on January 8, 1993 when plaintiff's vehicle was struck in the driver's side door by a vehicle operated by defendant. Following the accident, plaintiff was treated at a local hospital for a 2½-centimeter laceration just above his hairline and released. When plaintiff returned a few days later to have the stitches removed, he complained of pain in his lower back and

left leg. Although X-rays taken at that time revealed a normal lumbosacral spine, the pain apparently persisted and, in March 1993, plaintiff underwent a magnetic resonance imaging examination (hereinafter MRI), the results of which suggested the presence of a herniated disk and the apparent displacement of the S1 nerve root.

Plaintiff thereafter commenced this action against defendant for injuries allegedly sustained during the accident. As amplified in his bill of particulars, plaintiff claimed that he suffered a significant disfigurement as the result of the scar on his forehead and, further, that he had sustained both a permanent loss and significant limitation of use of a body function or system by virtue of the injuries to his lower back including, among other things, a herniated disk, sciatica and a loss of forward flexion (*see*, Insurance Law § 5102 [d]). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, contending that plaintiff failed to demonstrate that he had in fact sustained a serious injury. Supreme Court denied the motion, finding that the proof submitted by plaintiff in opposition was sufficient to create a question of fact in this regard, and this appeal by defendant followed.

Initially, with respect to plaintiff's claim that he sustained a significant disfigurement, we note that defendant's proof established that the scar in question was located above the hairline and was not readily discernible and that plaintiff offered no proof in opposition. Accordingly, defendant's motion for summary judgment should have been granted to the extent of dismissing the "significant disfigurement" portion of plaintiff's claim.

Turning to the "permanent loss" and "significant limitation of use" components of plaintiff's claim, we are persuaded that defendant satisfied his initial burden of establishing that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) (*see*, *Gaddy v Eyler*, 79 NY2d 955, 956-957). In support of his motion for summary judgment, defendant submitted, *inter alia*, an affidavit from Cyril Shea, an orthopedic surgeon who examined plaintiff in May 1995. According to Shea, his physical examination of plaintiff "did not reveal any objective findings or indications of injury whatsoever", much less one that was permanent or significant in nature, and disclosed no evidence of muscle spasms. Shea further found that plaintiff's range of motion in his legs was within normal limits and observed that plaintiff was able to perform range of motion tests for his lower back without complaint of pain.

Finally, Shea stated that he was unable to establish a relationship between the accident and plaintiff's complaint of lower back pain.

In opposing defendant's motion, plaintiff principally relied upon the affidavit submitted by his chiropractor, Keith Nussbaum. Although defendant contends that Nussbaum's affidavit was insufficient to raise a question of fact as to whether plaintiff suffered a permanent loss or significant limitation of use of a body function or system, we cannot agree. Nussbaum's affidavit, although perhaps inartfully drawn, is based upon more than plaintiff's subjective complaints of continuing pain. Specifically, Nussbaum makes reference to the MRI taken in March 1993 which, as even Shea acknowledges, reveals a disc protrusion at L5-S1, and indicates that plaintiff was still experiencing muscle spasms in his lumbar region in November 1995.* Nussbaum further opines that plaintiff suffers from a herniated disc and "ligamentous vertebral instability to the soft tissues of the lower back" as a result of the motor vehicle accident, specifies the degree of impairment suffered by plaintiff and states that plaintiff's injuries, including the loss of function, are permanent in nature. This affidavit, when read together with plaintiff's examination before trial testimony and his affidavit, both of which reveal a curtailment in plaintiff's activities, is sufficient to defeat defendant's motion for summary judgment. Defendant's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied summary judgment to defendant on the issue of whether plaintiff suffered a significant disfigurement; motion granted to that extent, partial summary judgment awarded to defendant and said claim is dismissed; and, as so modified, affirmed.

---

* Although defendant takes issue with the admissibility of the unsworn/uncertified MRI report, we need note only that it was defendant who included this report in the materials offered in support of his motion for summary judgment. As this Court recently observed, " 'it is well settled that a moving defendant may rely upon the unsworn reports of the plaintiff's own physicians in support of a motion for summary judgment' " (*Tankersley v Szesnat,* 235 AD2d 1010, 1012, quoting *Torres v Micheletti,* 208 AD2d 519), which is precisely what occurred here. Having brought the results of the MRI to Supreme Court's attention, both through the report itself and Shea's affidavit, defendant cannot now be heard to complain.