◼ JEFFREY RASO et al., Respondents, v STATEWIDE AUTO AUCTION INC., Respondent, and DAVID R. MALTZ & CO., INC., Appellant. [691 NYS2d 158] —In an action to recover damages for personal injuries, etc., the defendant David R. Maltz & Co., Inc., appeals from (1) an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 30, 1997, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it was not at fault in the happening of the accident, and (2) an order of the same court, dated October 22, 1997, which denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground, *inter alia,* that the plaintiff Jeffrey Raso did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the orders are affirmed, with one bill of costs.

On May 10, 1994, the plaintiff Jeffrey Raso was attending an auction conducted by the appellant at the premises of the defendant Statewide Auto Auction, Inc. (hereinafter Statewide). One of the vehicles to be auctioned stalled. As the vehicle was being pushed to the auction block, it rolled over Raso's left foot.

Since the appellant was conducting the auction, and, pursuant to a contract with Statewide, had "the exclusive right to determine the manner of and procedure" of the auction, there is an issue of fact as to whether the appellant was at fault in the happening of the accident.

With respect to whether Raso sustained a serious injury within the meaning of Insurance Law § 5102 (d), we note that the unsworn report of his treating physician was relied upon

by the appellant, and therefore was properly before the court (*see, Pietrocola v Battibulli,* 238 AD2d 864). In the report, the treating physician objectively quantified restrictions in the range of motion of Raso's foot. Thus, the appellant failed to establish its entitlement to judgment as a matter of law (*see, Tsiamis v Wen Chaun Liu,* 259 AD2d 746; *Lombardi v Columbo,* 259 AD2d 524; *Ventura v Moritz,* 255 AD2d 506).

Accordingly, the motions for summary judgment were properly denied. Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.