■ JOEL ALVAREZ, an Infant, by His Mother and Natural Guardian, LUCY ALVAREZ, et al., Respondents, v MING CHAO WONG et al., Appellants. [699 NYS2d 420] —In an action, *inter alia*, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated April 21, 1999, which denied their motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The notice of appeal from the decision dated January 13, 1999, is deemed a premature notice of appeal from the order (*see,* CPLR 5520 [c]).

Ordered that the order is reversed, on the law, with costs, and the motion is granted, and the complaint is dismissed.

The defendants met their initial burden of demonstrating that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Thus, it was incumbent on the plaintiffs to come forward with admissible evidence to create an issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). Contrary to the conclusion reached by the Supreme Court, we find that the plaintiffs failed to do so. The injured plaintiff's subjective complaints of headaches were insufficient to defeat the motion (*see, Licari v Elliott,* 57 NY2d 230, 239; *Grayer v Jerez,* 192 AD2d 637; *Oswald v Ospina,* 187 AD2d 570). In addition, the affirmation of the injured plaintiff's doctor was insufficient since it failed to indicate that the opinion expressed therein was based upon a recent medical examination rather than his examination and treatment of the injured plaintiff some 11 years earlier (*see, Kosto v Bonelli,* 255 AD2d 557; *Attanasio v Lashley,* 223 AD2d 614). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.