■ FRANK PERRY, Appellant, v CARMEN PAGANO, Respondent. [699 NYS2d 882] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered May 17, 1999, which, upon an order of the same court dated April 5, 1999, granting the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denying his motion for partial summary judgment on the issue of liability, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, so much of the order as granted the defendant's motion is vacated, the motion is denied, and the complaint is reinstated.

After the defendant established, prima facie, her entitlement to summary judgment, the plaintiff demonstrated the existence of a triable issue of fact by submitting his doctor's affirmation dated January 5, 1998, which objectively quantified restrictions in the range of motion of the plaintiff's left shoulder and neck as a result of the subject motor vehicle accident. The doctor concluded that the plaintiff sustained a permanent consequential limitation of the use of his left shoulder and neck. The affirmation was based upon, *inter alia,* the doctor's review of a magnetic resonance imaging report which, although unsworn, was relied upon by the defendant and therefore was properly before the court (*see, Raso v Statewide Auto Auction,* 262 AD2d 387; *Pietrocola v Battibulli,* 238 AD2d 864, 866).

The plaintiff's motion for partial summary judgment on the issue of liability was properly denied since it was untimely pursuant to CPLR 3212 (a). The plaintiff's cross motion was made over 120 days after the filing of the note of issue, and without leave of court on good cause shown (*see, Stransky v Tannenbaum,* 262 AD2d 301). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.