■ RENEE BORINO et al., Appellants, v LEIGH A. LITTLE et al., Respondents. [709 NYS2d 575] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 29, 1999, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Renee Borino did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting the reports of two orthopedic surgeons that the plaintiff Renee Borino (hereinafter the plaintiff) did not sustain any restrictions in range of motion due to the accident in question and could resume her normal activities. In opposition, the plaintiff failed to submit sufficient evidence to create a triable issue of fact regarding whether she sustained a serious injury within the meaning of

Insurance Law § 5102 (d). The reports submitted by the plaintiff's treating chiropractor and orthodontist were not based upon a recent examination of the plaintiff and are therefore insufficient (*see, Calcagno v New York City Tr. Auth.*, 266 AD2d 421; *Alvarez v Ming Chao Wong*, 266 AD2d 248). In any event, the reports failed to explain the more than 3½ year gap in treatment immediately preceding the submission of the reports (*see, Dimenshteyn v Caruso*, 262 AD2d 348).

Contrary to the determination of the Supreme Court, the unsworn report of the plaintiff's orthopedic surgeon was properly before it because the report was submitted by the defendants in support of the motion for summary judgment (*see, Pagano v Kingsbury*, 182 AD2d 268). Nevertheless, that report was insufficient to defeat the motion. While the orthopedic surgeon stated that the plaintiff suffered from "chronic cervical strain, chronic impingement syndrome, and myofascial pain syndrome" as a result of the accident, he failed to quantify any restriction in the plaintiff's range of motion (*see, Grossman v Wright*, 268 AD2d 79; *Thompson v Cochran*, 253 AD2d 871; *Wilkins v Cameron*, 214 AD2d 557). Additionally, that report is not based upon a recent examination of the plaintiff (*see, Calcagno v New York City Tr. Auth., supra; Alvarez v Ming Chao Wong, supra*).

Finally, the plaintiff failed to demonstrate that she was prevented from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott*, 57 NY2d 230; *Almonacid v Meltzer*, 222 AD2d 631). Bracken, J. P., Joy, Thompson and Feuerstein, JJ., concur.

Goldstein, J., dissents and votes to reverse the order appealed from, on the law, and to deny the motion, with the following memorandum.

Goldstein, J. (dissenting). Insurance Law § 5102 (d) sets forth nine specific categories of serious injury. A plaintiff need only establish that his or her injuries fall under one of those categories (*see, Licari v Elliott*, 57 NY2d 230). Evidence of a significant but not necessarily permanent limitation of use of a body function or system is sufficient (*see, Lopez v Senatore*, 65 NY2d 1017). The plaintiff is not required to establish that the limitation precluded him or her from performing usual and customary daily activities (*see, Paternoster v Drehmer*, 260 AD2d 867).

In support of their motion for summary judgment, the defendants submitted, *inter alia*, reports from two orthopedic surgeons and a chiropractor. The chiropractor, based upon an examination of the injured plaintiff performed six months after

the accident at the request of State Wide Insurance Company (hereinafter State Wide), noted that "[r]ange of motion of the [right] shoulder is decreased to 100 degrees of forward elevation, 20 degrees of backward elevation, 110 degrees of abduction, 20 degrees of adduction, 40 degrees of external rotation, and 20 degrees of internal rotation." When the injured plaintiff was reexamined by an orthopedic surgeon five months later, again at the request of State Wide, her range of motion had improved, but was still "decreased to 140 degrees of forward elevation, 30 degrees of backward elevation, 140 degrees of abduction, 60 degrees of external rotation, and 30 degrees of internal rotation and was full in adduction." The orthopedic surgeon stated that "[t]here will be no permanence," and no need for further medical treatment.

The defendants also relied upon the unsworn report of the injured plaintiff's orthopedic surgeon, which the majority acknowledges is properly before this Court, and may be considered by us (see, Perry v Pagano, 267 AD2d 290; Raso v Statewide Auto Auction, 262 AD2d 387). In that report, prepared in May 1996, 18 months after the accident, the surgeon noted that arthroscopy revealed "scarring and chronic bursitis" and "impingement syndrome" requiring "subacromial decompression" surgery. Following surgery, the surgeon's final diagnosis was "chronic cervical strain, chronic impingement syndrome, and a myofascial pain syndrome," resulting from the accident. Her prognosis was described as "guarded."

Thereafter, in November 1997, the injured plaintiff was again examined by an orthopedic surgeon at the defendants' request. The doctor acknowledged that there was "surgical intervention" with respect to the right shoulder, but concluded that, at the time of his examination, her prognosis was excellent.

In view of the foregoing, the defendants failed to establish, as a matter of law, that the plaintiff did not suffer from a serious injury as defined in Insurance Law § 5102 (d) (see, Polizzi v Won Jun Choi, 264 AD2d 830). The evidence submitted by the defendants established a restriction of range of motion. The conclusion that further medical treatment was not required was disproven by the proof, also submitted by the defendants, that the injured plaintiff later underwent arthroscopic surgery on her right shoulder.

Prolonged bursitis which may require surgery may constitute a significant limitation of use of a body or system (see, Gonzalez v Brayley, 199 AD2d 1013). In this case, the evidence submitted by the plaintiff went one step further: it demonstrated that arthroscopic surgery was in fact performed. Such

evidence, standing alone, is sufficient to defeat a defendant's motion for summary judgment (*see, Duarte v Ester*, 247 AD2d 356; *see also, Hoffman v S.J. Hawk, Inc.*, 258 AD2d 618). Clearly, a finder of fact can find that an injury which requires surgery constituted a significant limitation of a use of a body function or system.

Since the defendants did not establish their entitlement to judgment as a matter of law, the sufficiency of the plaintiffs' opposition papers is not before us (*see, Mariaca-Olmos v Mizrhy*, 226 AD2d 437).