■ SALVATORE CALCAGNO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [710 NYS2d 824] —Motion by the appellant for leave to appeal to the Court of Appeals from a decision and order of this Court, dated November 22, 1999, which determined an appeal from an order of the Supreme Court, Richmond County, dated July 27, 1998.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that on the Court's own motion, its decision and order dated November 22, 1999 (266 AD2d 421), in the above-entitled action is recalled and vacated, and the following is substituted therefor:

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated July 27, 1998, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court correctly granted the defendant's motion for summary judgment. Contrary to the plaintiff's assertions, the defendant established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), as a matter of law (see, Gaddy v Eyler, 79 NY2d 955). The plaintiff's evidence submitted in opposition to the motion was insufficient to raise a triable question of fact on the issue. In connection with this, we note that much of the plaintiff's evidence was not submitted in admissible form, and therefore was properly disregarded (see, Grasso v Angerami, 79 NY2d 813; Craft v Brantuk, 195 AD2d 438; Gleason v Huber, 188 AD2d 581). Further, the plaintiff's subjective complaints of pain contained in his affidavit (see, Orr v Miner, 220 AD2d 567, 568; Eisen v Walter & Samuels, 215 AD2d 149), and the affirmation of the plaintiff's physician, which was based upon an examination conducted almost six years earlier (see, Schultz v Von Voight, 216 AD2d 451, affd 86 NY2d 865; Philpotts v Petrovic, 160 AD2d 856), were insufficient to raise a triable issue as to whether the plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d). O'Brien, J. P., Sullivan and Feuerstein, JJ., concur.

Goldstein, J., dissents and votes to reverse the order appealed from, and to deny the motion for summary judgment,

with the following memorandum in which Luciano, J., joins: In his bill of particulars, the plaintiff alleged that, as a result of the accident, he sustained permanent injuries to his lumbosacral spine, cervical spine, and right shoulder, was confined to his bed for two to three months following the accident, and was confined to his home for five to six months after the accident.

The defendant moved for summary judgment based upon the affidavit of its examining physician, stating that, (1) there were no "objective signs to confirm any subjective complaints," and (2) based upon his examination of the plaintiff's medical records, there was no "objective clinical evidence" of disability. The defendant further submitted the unsworn reports of the plaintiff's treating physicians, including a report from Diagnostic Health Services, Inc., quantifying a loss of range of motion of the back, right shoulder, and left leg, and stating that, nearly two years after the accident, the plaintiff walked with a limp on the left lower extremity. Contrary to the conclusion of the majority, this evidence was insufficient to establish the defendant's entitlement to judgment as a matter of law (*see, Raso v Statewide Auto Auction*, 262 AD2d 387; *Blusiewicz v Comeau*, 212 AD2d 657; *Torres v Micheletti*, 208 AD2d 519).

Although the sufficiency of the plaintiff's opposition papers should be irrelevant to our determination (*see, Hamilton v City of New York*, 262 AD2d 283), the plaintiff did in fact submit an affirmation in opposition from his treating physician, stating that, based on a magnetic resonance imaging of the cervical and lumbosacral spine, he suffered from a central disc herniation of L4/L5, possible early herniation of C5/C6, and a possible compression fracture at C5. The plaintiff also relied upon the unsworn medical report submitted by the defendant in support of his motion. Since the defendant relied upon that unsworn report, the plaintiff may do so, too (*see, Raso v Statewide Auto Auction, supra*).

The majority concludes that the affirmation of the plaintiff's treating physician was "insufficient to raise a triable issue as to whether the plaintiff suffered a serious injury" because there was no evidence that he conducted a recent examination of the plaintiff. However, the unsworn report by Diagnostic Health Services, Inc., relied upon by both parties, was based upon a more recent examination and demonstrated that the plaintiff's disability was a continuing one.

Accordingly, the defendant's motion for summary judgment should have been denied.

And it is further, ordered that the motion is denied as unnecessary (*see,* CPLR 5601 [a]). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.