◼ KELLY PASSARELLE, Respondent, v MELINDA BURGER, Appellant. (And a Third-Party Action.) [717 NYS2d 348] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated January 31, 2000, as denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, and the complaint is dismissed.

The defendant met her burden on the motion by submitting affirmations of medical experts who examined the plaintiff and concluded that no objective medical findings supported her claim (*see, Grossman v Wright,* 268 AD2d 79, 83-84). The plaintiff's opposition was insufficient to raise a triable issue of fact. The plaintiff failed to submit any proof contemporaneous with the accident of any initial range of motion restrictions in opposition to the motion (*see, Jimenez v Kambli,* 272 AD2d 581). In addition, the plaintiff's doctor failed to set forth what objective tests, if any, he performed in arriving at this conclusion concerning any alleged restrictions of motion (*see, Grossman v Wright, supra,* at 84).

The plaintiff's subjective complaints of headaches were insufficient to defeat the motion (*see, Alvarez v Ming Chao Wong,* 266 AD2d 248).

Finally, even if the conclusion of the plaintiff's doctor that

the plaintiff suffered from carpal tunnel syndrome was supported by objective medical evidence, such evidence would be insufficient to satisfy the threshold criteria that the plaintiff sustained a permanent consequential limitation of a body organ or member (*see, O'Reilly v Nelson,* 261 AD2d 372, 373; *Horan v Mirando,* 221 AD2d 506). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.