(January 29, 2001)

■ TAYEB N. ABEDIN et al., Appellants, v TYNIKA MOTORS, INC., et al., Respondents. [719 NYS2d 698] —In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Dye, J.), dated June 23, 2000, as granted the defendants' respective cross motions for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Tayeb Nimmu Abedin on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and, *sua sponte,* dismissed the complaint insofar as asserted on behalf of the plaintiff Juliann Abedin.

Ordered that on the Court's own motion, the notice of appeal from the portion of the order which, *sua sponte,* dismissed the complaint insofar as asserted on behalf of the plaintiff Juliann Abedin is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motions are denied, and the complaint is reinstated.

The Supreme Court erred in granting the defendants' respective cross motions for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Tayeb Nimmu Abedin on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The affirmation of Abedin's treating orthopedist submitted in opposition to the cross motions for summary judgment stated that Abedin sustained permanent quantifiable limitations of motion in the cervical and lumbar regions of his spine. The medical opinion expressed by the treating orthopedist was based on his recent physical examination of Abedin, as well as his prior examinations shortly after the accident, and the objective physical tests performed on Abedin, which were properly before the court (*see, Grossman v Wright,* 268 AD2d 79, 84; *Zalduondo v*

*Lazowska,* 234 AD2d 455; *Cesar v Felix,* 181 AD2d 852, 853). This evidence was sufficient to raise a triable issue of fact with regard to Abedin's allegation that he sustained a serious injury.

The Supreme Court also erred in dismissing, *sua sponte,* the complaint insofar as asserted on behalf of the plaintiff Juliann Abedin, as neither of the defendants moved for that relief (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425, 430; *Marshall v New York City Health & Hosps. Corp.,* 186 AD2d 542; *Conroy v Swartout,* 135 AD2d 945). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.