■ THERESA LANZA, Appellant, v ANTHONY CARLICK et al., Respondents. [719 NYS2d 707] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated April 4, 2000, which granted the motion of the defendants Anthony Carlick and Frank Carlick and the separate motion of the defendant Christopher D. Long for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendants met their burden on their respective motions by submitting an affirmation of a medical expert who examined the plaintiff and concluded that no objective medical findings supported her claim, and an affirmed report of the plaintiff's own doctor who concluded that the plaintiff's disc herniation was unrelated to the accident (*see, Grossman v Wright,* 268 AD2d 79, 83-84).

The plaintiff's opposition was insufficient to raise a triable issue of fact. In opposition to the motion, the plaintiff failed to submit any proof that was contemporaneous with the accident showing any initial range of motion restrictions (*see, Passarelle v Burger,* 278 AD2d 294; *Jimenez v Kambli,* 272 AD2d 581). In addition, the plaintiff's doctor failed to set forth what objective tests, if any, he performed in arriving at his conclusions concerning any alleged restrictions of motion (*see, Grossman v Wright, supra,* at 84).

The plaintiff's subjective complaints of pain were insufficient to defeat the motion (*see, Kauderer v Penta,* 261 AD2d 365).

The alternate ground for affirmance advanced by the defendants Anthony Carlick and Frank Carlick need not be reached in light of our determination. Bracken, Acting P. J., Santucci, Altman and Florio, JJ., concur.