■ BRENDA M. PECH, Appellant, v YAEL TAXI CORP. et al., Respondents. [758 NYS2d 110] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated June 21, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955, 957 [1992]). In opposition to the motion for summary judgment, the plaintiff, inter alia, submitted magnetic resonance imaging (hereinafter MRI) reports taken approximately two months after the accident which revealed disc bulges in the cervical and lumbar portions of her spine. She also submitted an affirmation from a physician, and a medical report from another physician, which quantified restrictions in the range of motion of the plaintiff's cervical and lumbar spine based on both initial and recent examinations (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Abedin v Tynika Motors,* 279 AD2d 595 [2001]; *Moreno v Delcid,* 262 AD2d 464, 465 [1999]). The unsworn medical report of one of the physicians and the MRI reports were initially relied upon by the defendants, and were therefore properly before the court (*see Raso v Statewide Auto Auction,* 262 AD2d 387 [1999]). These submissions were sufficient to

raise a triable issue of fact as to whether the plaintiff sustained a permanent or consequential limitation of the use of her cervical and lumbar spine (*see Jacobowitz v Roventini,* 302 AD2d 432 [2003]). Altman, J.P., Smith, Luciano, Adams and Cozier, JJ., concur.