■ GERARD MAHONEY, Respondent, v JACKSON'S MARINA, INC., et al., Appellants. [759 NYS2d 396] —In an action to recover damages for personal injuries, the defendant Jackson's Marina, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated September 18, 2001, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Francis S. Pelkowski separately appeals from so much of the same order as denied his motion to dismiss the complaint pursuant to CPLR 3211 and 3212 insofar as asserted against him.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the contention of the defendant Jackson's Marina, Inc. (hereinafter the Marina), its motion for summary judgment was properly denied since it failed to establish its entitlement to judgment as a matter of law by showing that its employee did not violate any duty owed to the plaintiff. The only proof submitted by the Marina in support of its motion was its attorney's conclusory affirmation. This was insufficient to make out a prima facie showing of entitlement to judgment as a matter of law, and accordingly, the Marina's motion was properly denied (*see Norwest Bank Minn. v Sabloff,* 297 AD2d 722, 723 [2002]).

The defendant Pelkowski's motion was also properly denied. The conflicting reports of the plaintiff's and Pelkowski's experts give rise to triable issues of fact (*see McIntyre v East Nassau*

*Med. Group,* 275 AD2d 398 [2000]). Pelkowski's remaining contention is without merit since the report of the plaintiff's expert was submitted by Pelkowski in support of his motion (*see Borino v Little,* 273 AD2d 262, 263 [2000]). Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.