In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated October 9, 2002, which granted the defendant’s motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is affirmed, with costs.
The Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. The defendant established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to submit any admissible medical proof that was contemporaneous with the accident showing any initial range of motion restrictions in his spine (see Ifrach v Neiman, 306 AD2d 380 [2003]; Pajda v Pedone, 303 AD2d 729 [2003]; Lanza v Carlick, 279 AD2d 613, 614 [2001]). Furthermore, the plaintiff did not submit any admissible medical evidence as to the nature and extent of any treatment between the time of the accident and the final examination two years and nine months thereafter (see Crespo v Kramer, 295 AD2d 467 [2002]; Mejia v Thom, 280 AD2d 528 [2001]; Goldin v Lee, 275 AD2d 341 [2000]). Florio, J.E, Krausman, Luciano, Townes and Rivera, JJ., concur.