OPINION OF THE COURT
Raymond E. Cornelius, J.
The plaintiff, Constance F. Polito, was the spouse of Salvatore T. Polito, who died from mesothelioma, a disease commonly associated with exposure to asbestos. Mr. Polito has been described as a former auto mechanic, who allegedly was exposed to asbestos from friction products, over a number of years, during which time he installed and/or repaired brakes. The remaining defendants in the case, Burns International Services Corporation, formerly known as Borg-Warner Corporation, Daimler-Chrysler Corporation, Ford Motor Company, and General Motors Corporation, were all involved in the manufacturing and/or distribution of brake products.
This action is presently scheduled to proceed to trial, and the defendants have made a number of motions in limine to exclude certain evidence, which is anticipated to be offered by plaintiff. Some of these motions were resolved by agreement between the parties, and others were decided by the court at motion term. However, the court reserved decision on three of the motions in limine, which are decided as hereinafter set forth.
Workers’ Compensation Claims and Plant Conditions
The defendants acknowledge that one of the component parts of the finished brake products, which were allegedly worked on by Mr. Polito, was asbestos, bonded in resin and fully encapsulated within brake casings. The motion in limine seeks to preclude plaintiff from attempting to offer into evidence, at trial, working conditions at some of the defendants’ manufacturing plants, where raw asbestos fibers were mixed, processed and incorporated into the brake product, as well as workers’ compensation claims made by employees of these plants. In essence, the defendants contend that such evidence would be irrelevant to the question of whether or not they had or should have had knowledge concerning the adverse health effects associated with end product users of asbestos-containing, finished brake products.
*520 In support of the motion in limine, defendants rely upon the decision In re Related Asbestos Cases (543 F Supp 1152 [ND Cal 1982]), in which the court excluded documents pertaining to workers’ compensation claims, pursuant to rule 403 of the Federal Rules of Evidence. The court conceded that workers’ compensation documents are generally relevant to the question of notice, but decided to exclude them from evidence in this case, because of the volume of documents, which would present many collateral issues; the remoteness in time of many of the actions; the multiplicity of jurisdictions; and a failure to show whether or not each action was settled or adjudicated, and if settled, whether the case was settled for nuisance value. However, in the State of New York, “Evidence of successful workers’ compensation claims ... as well as evidence of . . . diseases among asbestos plant workers” is admissible, at trial, on the issue of a defendant’s “knowledge of the risks of asbestos exposure and the reasonableness of its failure to warn the end-users of its product of those risks.” (Matter of Eighth Jud. Dist. Asbestos Litig., 190 AD2d 1008, 1008 [4th Dept 1993].)
As aforementioned, defendants contend that workers’ compensation claims made by plant workers and/or plant conditions, which may evidence health risks associated with raw asbestos, is irrelevant to the question of their respective knowledge of dangers associated with the finished brake product, which contained asbestos, bonded in resin and fully encapsulated within the brake casing. An analogous argument was made in Mendelowitz v Xerox Corp. (169 AD2d 300 [1st Dept 1991]), wherein the defendant unsuccessfully sought a protective order from a notice of discovery, requesting claims and lawsuits previously filed for injuries as a result of asbestos exposure to copying equipment, but which were not limited to the particular models of copiers allegedly operated by the decedent. The Court agreed with the plaintiff’s position “that what makes these other lawsuits material and necessary and substantially similar to her own is the common allegation of exposure to a copying machine, whatever the model, that was manufactured by defendant with an asbestos-containing component.” (At 307.)
A motion in limine, by definition, is a preliminary application, usually made at the beginning of a judicial proceeding, that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial. (Black’s Law Dictionary 791 [7th ed 1999].) Although defendants’ motion in limine to preclude introduction of workers’ compensation claims and/or *521 plant worker conditions should be denied, the relevance, at the time of trial, may well depend upon the posture of the case at that time. For example, should the defendants concede the health risks and dangers associated with exposure to raw asbestos by employees in a plant environment, such evidence may or may not be relevant on the question of known dangers associated with use of the finished brake product. Furthermore, plaintiff must establish a proper foundation for the introduction of these types of records or documents, and the ruling is without prejudice to a future objection on hearsay grounds.
IHF, ATI, AIA and NSC Documents in Related Depositions
The defendants have made a motion in limine to exclude any documents emanating from the Industrial Health Foundation (IHF), Asbestos Textile Institute (ATI), Asbestos Information Association (AIA) and National Safety Council (NSC), or related deposition testimony, from being introduced into evidence at the trial of the pending action. Generally, however, nonparty documents, consisting of scientific reports or studies, are admissible as state-of-the-art evidence, not to establish actual knowledge of health risks by an individual manufacturer, but rather to prove what such defendant should have known, either by conducting its own tests or being in contact with others in the industry. (George v Celotex Corp., 914 F2d 26 [2d Cir 1990].) Based upon this concept, the court determined that it was not error to admit into evidence the “Hemeon Report,” which consisted of a 1947 study of asbestos plants prepared by an engineer of the Industrial Hygiene Foundation of America for the Asbestos Textile Institute. The defendant in this case had argued, as the defendants in the pending case, that it lacked actual knowledge of the report.
The motion in limine is also based upon the assertion that none of the documents from the aforementioned associations pertain to products manufactured or supplied by the defendants, and specifically, friction material products containing small amounts of encapsulated chrysotile. Although nonparty studies or reports concerning the dangers of asbestos, generally, may be insufficient to establish the discoverable health risks of a specific manufactured end product, containing, for example, encapsulated asbestos fibers, such evidence does not appear to have been held as totally irrelevant, and therefore, inadmissible at a trial. (See Dartez v Fibreboard Corp., 765 F2d 456 [5th Cir 1985]; Gideon v Johns-Manville Sales Corp., 761 F2d 1129 [5th Cir *522 1985].) Furthermore, several of the defendants in the pending case may actually have been members of the associations, which were responsible for documents discussing the dangers of asbestos exposure.
Although this motion in limine should be denied for the above reasons, this ruling, again, is without prejudice to make other objections at the time of trial. In this regard, it would be incumbent upon the plaintiff to establish a foundation for the introduction for any nonparty documents. At trial, defendants would retain the right to interpose hearsay objections, based upon New York evidentiary principles.
Deposition Testimony/Affidavit of Ralph Froehlich
Ralph A. Froehlich is an industrial hygienist, who had been retained as an expert witness by General Motors Corporation in an unrelated workers’ compensation proceeding in the Court of Common Pleas of Montgomery County, Ohio. (Betty L. Terry v General Motors Corporation et al., Case No. 98-893.) The plaintiffs, in that proceeding, took Mr. Froehlich’s deposition testimony on May 8, 2000. In addition to this deposition testimony, counsel for the plaintiff, in the pending case, indicates that they wish to admit, into evidence, an affidavit signed by Mr. Froehlich. This purportedly had been prepared, in the Ohio proceeding, by attorneys for General Motors Corporation, as a summary of witnesses’ opinions and which, after being signed, produced prior to his testimony.
In support of the motion in limine to preclude Mr. Froehlich’s testimony, the defendants argue that it constitutes hearsay, and further, have submitted a protective order entered in the Court of Common Pleas of Montgomery County, Ohio, together with a subsequent order from that court enforcing the agreed upon protection order by protecting the transcript and all the documents from dissemination. Notwithstanding these orders, the deposition transcript and affidavit have apparently made their way into the hands of plaintiffs counsel in the pending case.
Both Mr. Froehlich’s deposition testimony and affidavit represent out-of-court statements, which plaintiff, in the pending matter, would propose to offer into evidence for the truth of the opinions asserted therein. For example, counsel for plaintiff cites one portion of the affidavit, wherein Mr. Froehlich stated that mechanics who inspected and repaired brake linings were exposed to concentrations of asbestos fibers in excess of acceptable air quality standards. Thus, the court would agree that de *523 position testimony and affidavit clearly constitute hearsay, and, absent an exception, should not be admissible at trial.
In regard to the defendants, other than General Motors Corporation, there is no exception to the hearsay rule, which could arguably support admission of Mr. Froehlich’s deposition testimony or affidavit. Although General Motors Corporation was a party, the Ohio proceeding did not involve the same plaintiff or the same subject matter, and the testimony of Mr. Froehlich would not come within the provisions of CPLR 3117 pertaining to the use of depositions at trial. Counsel for the plaintiff contends that Mr. Froehlich’s affidavit and deposition testimony are, nevertheless, admissible under New York law as adoptive admissions by General Motors Corporation.
In Kirk v Raymark Indus., Inc. (61 F3d 147 [3d Cir 1995]), the court addressed this very issue, and rejected the idea that an expert witness called to testify on behalf of a party in one case may later be used against the same party in unrelated litigation, on the basis that such testimony constitutes an admission by a party, unless there is a finding that the witness was actually an agent of the party and authorized to speak on behalf of the party. In its decision, the court reasoned that because an expert witness is required to testify impartially within their field of expertise, such expert witness cannot be an agent under rule 801 (d) (2) (C) of the Federal Rules of Evidence, which provides that a declarant be an agent of the party opponent against whom an admission is offered, unless subject to the client’s control in giving their testimony. Furthermore, the court stated that because an expert witness is not normally subject to the control of a party, whether in regard to consultation or testimony, such an expert witness should not be deemed an agent. This court would reach the same conclusion based upon state evidentiary principles.
The Court of Appeals has determined that the proponent of hearsay evidence must establish the applicability of a hearsay rule exception, which, in the case of admissions, would include proof that an employee, for example, was actually authorized to make a statement in order for it to be binding upon their employer in the context of a legal action (Tyrrell v Wal-Mart Stores, 97 NY2d 650 [2001]). Further, the burden is placed upon the proponent to establish the reliability of any statement, *524 which would otherwise fall within one of the exceptions to the hearsay rule (Nucci v Proper, 95 NY2d 597 [2001]).*
Statements made by a person, who is not otherwise an agent or authorized to speak on behalf of a party, may be considered as adoptive admissions if the direct or circumstantial evidence clearly indicates that the party acknowledges and assents to such statements (People v Campney, 94 NY2d 307 [1999]). In the pending case, the fact that Mr. Froehlich was retained by General Motors Corporation and rendered certain expert opinions, both in deposition testimony and an affidavit, does not make him an agent or authorized to speak on behalf of such party, for the policy reasons discussed in Kirk. Further, in this court’s opinion, the fact that counsel for General Motors Corporation drafted the affidavit, which Mr. Froehlich subsequently signed, is not circumstantially indicative of an adoption of his statements as admissions by General Motors Corporation.
Accordingly, both the deposition testimony and affidavit should be excluded as hearsay, and it becomes unnecessary to address the issues involving the applicability of the aforementioned protective orders.
Based upon the foregoing reasons, it is hereby ordered that the motion in limine to exclude evidence of workers’ compensation claims and plant workers’ conditions is denied, and it is further ordered that the motion in limine to exclude IHF, ATI, AIA and NSC documents and related depositions is denied, and it is further ordered that the motion in limine to exclude testimony or affidavits of Ralph A. Froehlich is granted.

 In a letter, dated October 29, 2003, counsel for Mr. Froehlich, in relevant part, represents that “the deposition testimony previously given in the context of a worker’s compensation dispute neither accurately nor completely represents his opinions.”