Miles v Hall (2023 NY Slip Op 01286)

Miles v Hall

2023 NY Slip Op 01286

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-03903
 (Index No. 71033/17)

[*1]Ava Miles, et al., appellants,
v
Shanita Hall, et al., respondents.

Sayegh & Sayegh, Yonkers, NY (Jaclyn S. Nesheiwat of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated March 12, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The infant plaintiff, by his mother and natural guardian, and his mother suing individually, commenced this action to recover damages for personal injuries they allegedly sustained in a motor vehicle collision. The defendants moved for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated March 12, 2020, the Supreme Court granted the motion. The plaintiffs appeal.
On appeal, the plaintiffs do not challenge the Supreme Court's determination that the defendants met their prima facie burden of demonstrating that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). In opposition, however, the plaintiffs raised a triable issue of fact as to whether they both sustained serious injuries to the cervical and lumbar regions of their spines under the significant limitation of use category of Insurance Law § 5102(d) through the medical reports of the plaintiffs' doctors (see Perl v Meher, 18 NY3d 208, 218-219). Although these medical reports were unsworn, the plaintiffs were entitled to rely upon these unsworn medical records because the defendants submitted them in support of their motion for summary judgment (see Zelman v Mauro, 81 AD3d 936, 937; Kearse v New York City Tr. Auth., 16 AD3d 45, 47 n 1; Pech v Yael Taxi Corp, 303 AD2d 733, 733-734).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court